IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | )<br>)<br>) |
| Plaintiff, | ) Civil Action No. 1:23-cv-1500<br>)<br>) CONSENT DECREE |
| v. | )<br>) |
| TRIPLE CANOPY, INC. | )<br>) |
| Defendant. | )<br>) |

**CONSENT DECREE**

This Action was instituted by Plaintiff, the U.S. Equal Employment Opportunity Commission ("the Commission" or "EEOC"), against Triple Canopy, Inc. ("Triple Canopy" or "Defendant"), alleging violations of Sections 701(j), 703(a), and 704(a) of Title VII of the Civil Rights Act of 1964, as amended ("Title VII"), 42 U.S.C. §§ 2000e(j), 2000e-2(a)(1), and 2000e-3(a), and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a. The Commission alleged that Defendant discriminated against former Protective Security Officer Marcus Williams ("Williams") by refusing to accommodate his sincerely-held religious beliefs, retaliating against him for engaging in protected activity, and subjecting him to intolerable work conditions that resulted in his constructive discharge.

The Commission and Defendant (collectively "the Parties") desire to resolve this action without the time and expense of continued litigation, and they desire to formulate a plan, to be embodied in this Consent Decree ("Decree"), that will resolve the Commission's claims and

promote and effectuate the purposes of Title VII. The terms of the Decree are the product of joint negotiation and are not to be construed as having been authored by one party. The Decree does not constitute an adjudication on the merits of the Commission's case. It shall not be construed as a waiver by the Commission of any contentions of discrimination; nor as an any admission by Defendant of liability or of any discriminatory practice.

The Court has examined this Decree and finds that it is reasonable and just and in accordance with the Federal Rules of Civil Procedure and Title VII. Therefore, upon due consideration of the record herein,

It is **ORDERED, ADJUDGED, AND DECREED:**

1. This Decree resolves all claims alleged in the Complaint filed by the Commission in this Title VII action, which emanated from the Charge of Discrimination filed by Williams, EEOC Charge No. 570-2021-01653.

2. This Decree shall be in effect for a period of three (3) years from the date it is entered by the Court.

## NON-DISCRIMINATION

3. Defendant and its officers, directors, agents, employees, successors, assigns, and all persons in active concert or participation with any of them are hereby enjoined from violating Title VII, will not discriminate against applicants, employees, or former employees on the basis of religion, and shall provide religious accommodations to applicants and employees with sincerely held religious beliefs, absent undue hardship.

4. Defendant, its officers, directors, agents, employees, successors, assigns, and all persons in active concert or participation with any of them are further enjoined from retaliating against any individual for asserting rights under Title VII or otherwise engaging in protected

activity, such as by requesting or receiving a religious accommodation, complaining of employment discrimination, opposing employment discrimination, filing a charge of discrimination, or providing testimony or assistance with an employment discrimination proceeding.

**MONETARY RELIEF**

5.      Within thirty (30) days from the date of entry of the Decree, Defendant shall pay Williams a total of $110,759 in monetary relief. This figure represents $15,117 in lost wages ("back pay"), $642 in interest on back pay, and $95,000 in compensatory damages under 42 U.S.C. § 1981a ("Section 1981a compensatory damages").

6.      For back pay, Defendant shall withhold all applicable employee taxes and statutory deductions from the payment to Williams. Defendant's required employer contributions, including those under FICA, are separate from, and shall not be deducted from, the back pay payment. Defendant shall report the back pay payment and applicable withholdings to the IRS and Williams via an IRS Form W-2 for the 2023 tax year. The Commission will provide Defendant with an updated IRS Form W-4 for Williams.

7.      For interest and 1981a compensatory damages, withholdings and deductions shall not apply. Defendant shall report such payments to the IRS and Williams via an IRS Form 1099 for the 2023 tax year.

8.      Defendant shall send checks directly to Williams by certified mail or express delivery service, at an address provided by the Commission. Williams shall receive two checks, one constituting back pay and another constituting interest and 1981a compensatory damages.

9.      Within three (3) days of such payment, Defendant shall email a photocopy of the checks, along with a photocopy of the certified mail receipt or other documentation of delivery, to

the Commission's counsel of record, Sam Wallace, at sam.wallace@eeoc.gov.

## **RELIGIOUS ACCOMMODATION POLICY AND DISSEMINATION**

10. Within thirty (30) days from the date of entry of the Decree, Defendant shall develop, implement, and distribute to all employees, and begin disseminating to new hires, a written religious accommodation policy that describes its obligations under Title VII not to discriminate on the basis of religion. The policy must include, but need not be limited to, the following:

A. a clear explanation of the religious accommodation requirements under Title VII;

B. examples of religious accommodations under Title VII;

C. a statement that Defendant is required under Title VII to provide religious accommodations for sincerely-held religious beliefs, absent undue hardship;

D. a statement that Defendant will not retaliate against applicants or employees for engaging in protected activity, such as requesting and/or receiving a religious accommodation, reporting employment discrimination, participating in an employment discrimination proceeding, or opposing employment discrimination;

E. a clear procedure by which applicants and employees may seek religious accommodations, including: the identity and contact information for the employee(s) responsible for handling Defendant's religious accommodation requests or answering questions about Defendant's religious accommodations policy and procedure, and the procedures for communicating such requests;

F. a requirement that Defendant retain documents relevant to applicants' and employees' religious accommodation requests, including information about the nature of requested religious accommodations, any alternate accommodations

      considered, Defendant's decisions and the reasoning for such decisions (including the reasons for any rejection of considered alternative accommodations), and any other considerations and analysis informing religious accommodation decisions; and,

    G. the contact information for the employee(s) responsible for handling Defendant's employment discrimination complaints or answering questions about reporting employment discrimination.

11. Within thirty (30) days from the date of the entry of the Decree, Defendant shall post the religious accommodation policy described in Paragraph 10 above in locations on-site and online that are accessible to and commonly frequented by its employees and where other employment information is normally posted. This includes, but is not limited to, any employee handbook provided to employees by Defendant. Defendant shall ensure that a current copy of the policy remains posted on-site and online for the duration of the Decree.

12. Within fifteen (15) days of the dissemination of the religious accommodation policy described in Paragraph 10 above, Defendant shall email to the Commission's counsel of record, Sam Wallace, at sam.wallace@eeoc.gov, a copy of the policy and a declaration from a responsible official of Defendant authenticating the policy and verifying that it has been disseminated to all employees.

### **TRAINING**

13. Within ninety (90) days from the date of entry of the Decree, Defendant shall provide no less than 90 minutes of live (including remote live), interactive training to all management and supervisory staff, Human Resources personnel, and any other employees Defendant authorizes to handle its employment discrimination complaints and/or religious

accommodation requests. Such training shall be conducted by an attorney, human resources professional, or similar professional with expertise in Title VII compliance and shall include the following topics: (1) an explanation of applicants' and employees' rights under Title VII with an emphasis on Defendant's duty to provide religious accommodations to applicants or employees with sincerely held religious beliefs, practices, or observances, absent undue hardship; (2) Defendant's duty not to retaliate against applicants or employees for engaging in protected activity, such as requesting and/or receiving a religious accommodation; (3) an explanation of Defendant's equal employment opportunity and religious accommodation policies and procedures; and (4) Management/Human Resource personnel's role in receiving and responding to religious accommodation requests and providing religious accommodations, and the steps such employees are expected to take to ensure Defendant's compliance with Title VII. Defendant shall provide a recorded version of this training to all persons who are hired or transferred into positions covered by this paragraph within seven (7) days of the effective date of hire or transfer.

14. Within six (6) months from the date of entry of the Decree, Defendant shall provide no less than one (1) hour of live, interactive training by an attorney, human resources professional, or similar professional with expertise in Title VII compliance to all employees assigned to Federal Protective Service (FPS) contracts not covered by Paragraph 13 above. Provided, however, that any training that would require employees to travel more than 60 miles from an identified training location or result in less than 10 employees be in attendance, such training may be satisfied by use of a recording of a live training to other groups. Further, once Defendant has provided employees under this section with the opportunity to attend a live training session, where required, on three separate occasions, Defendant shall have been deemed to be in compliance with the requirements of this paragraph. The training will include the following: (1) an explanation of applicants' and

employees' rights under Title VII with an emphasis on Defendant's duty to provide religious accommodations to applicants or employees with sincerely held religious beliefs, practices, or observances, absent undue hardship; (2) Defendant's duty not to retaliate against applicants or employees for engaging in protected activity, such as requesting and/or receiving a religious accommodation; and (3) an explanation of Defendant's equal employment opportunity and religious accommodation policies and procedures including an explanation of how and to whom to apply for a religious accommodation with Defendant. Defendant shall record this training and provide it to all new employees during their mandatory annual training.

15.     Within ten (10) days of the first of each month, Defendant shall email to the Commission's counsel of record, Sam Wallace, at sam.wallace@eeoc.gov, a certified update regarding training required under Paragraphs 13 and 14 above that was provided the previous month. This certification shall include the dates, times, and locations of the training, the names and credentials of all trainers, and the names of all attendees.

## POSTING

16.     Within ten (10) days after entry of the Decree, Defendant shall post, on-site and online in all places where notices to employees customarily are posted at all facilities, worksites, and other locations of its operations, the Notice attached hereto as Exhibit A and made a part hereof. Such Notice shall be posted and maintained for the life of the Decree with the date of actual posting shown thereon. Should the Notice become defaced, marred, or otherwise made unreadable, Defendant shall ensure that new, readable copies of the Notice are posted in the same manner as heretofore specified.

17.     Within ten (10) days of completion of the required posting, Defendant shall forward to the Commission's counsel of record, Sam Wallace, at sam.wallace@eeoc.gov, a copy of the

signed Notice attached hereto, written certification that the Notice referenced herein has been posted as required, and a statement of the locations and date(s) of posting. Defendant shall provide such certification on an annual basis for the duration of the Decree.

## **JURISDICTION**

18. This Court shall retain jurisdiction to enforce the terms of this Decree and will have all available powers to enforce this Decree including, but not limited to, monetary sanctions and injunctive relief.

   A. Upon motion of the Commission, this Court may schedule a hearing for the purpose of reviewing compliance with this Decree. Each party shall bear its own costs, expenses, and attorneys' fees incurred in connection with such action; and

   B. Jurisdiction to resolve any dispute arising under this Decree resides in the United States District Court for the District of Columbia.

## **REPORTING REQUIREMENTS**

19. Every four (4) months, commencing four (4) months after the entry of this Decree by the Court, Defendant shall provide written reports to the Commission's counsel of record, Sam Wallace, at sam.wallace@eeoc.gov, identifying all complaints of religious discrimination and/or retaliation made in the preceding four-month period. The final written report shall be due ten (10) days prior to the expiration of this Decree.

20. Each report shall identify all persons who complained to Defendant of religious discrimination and/or retaliation during the reporting period, any witnesses to such alleged matters, and any persons allegedly involved in the reported discriminatory employment decisions and/or conduct. Such identification shall include: the name, address, and telephone numbers for each person who complained about the conduct at issue; the name, address, and telephone numbers for

each person whom each complainant identified as a potential witness; the name, address, and telephone numbers for each person whom Defendant contacted, interviewed, or otherwise obtained information from concerning the complaint; and the name, address, and telephone numbers for each person who was alleged to have engaged in discriminatory conduct.

21. Each report shall include a detailed description of the substance of each complaint and all actions taken in response to each complaint and shall include copies of all documents reflecting the action(s) Defendant took to investigate each complaint and copies of any statements obtained.

## **MISCELLANEOUS**

22. The Commission and the Defendant shall bear their own costs and attorneys' fees.

23. The terms of the Decree are and shall be binding upon (a) Defendant; (b) all present and future parents of Defendant; (c) all present and future subsidiaries and/or affiliates of Defendant; and (d) all present and future owners, officers, directors, employees, agents, trustees, administrators, successors, representatives, governing board members, or assigns of Defendant.

24. When this Decree requires the submission of any documents or information to the Commission, if not otherwise indicated in the Decree or Attachments, they shall be emailed to the Commission's counsel of record, Sam Wallace, at sam.wallace@eeoc.gov.

## SIGNATURES AND ENTRY

The undersigned counsel of record hereby consent to the entry of the foregoing Consent Decree.

| | |
|---|---|
| **FOR PLAINTIFF**<br>**U.S. EQUAL EMPLOYMENT**<br>**OPPORTUNITY COMMISSION** | **FOR DEFENDANT**<br>**TRIPLE CANOPY, INC.** |

/s/ Debra M. Lawrence
DEBRA M. LAWRENCE
Regional Attorney

/s/ Maria L. Morocco
MARIA L. MOROCCO
Assistant Regional Attorney
Attorney for Plaintiff
U.S. Equal Employment Opportunity Commission
Washington Field Office
131 M Street, N.E., Suite 4NW02F
Washington, D.C. 20507
Phone: (202) 921-2795
Fax: (202) 827-2349
maria.morocco@eeoc.gov

BERNARD G. DENNIS, III
Jackson Lewis P.C.
10701 Parkridge Boulevard Suite 300
Reston, VA 20191
Phone: (703) 483-8378
Fax: (703) 483-8301
Bernard.Dennis@jacksonlewis.com

**IT IS SO ORDERED:**

Signed and entered this _____ day of _____, 2023.

_____
Hon. Rudolph Contreras, United States District Judge
United States District Court for the District of Columbia

10

# EXHIBIT A



# U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

## POSTED PURSUANT TO FEDERAL COURT ORDER

This Notice is being posted pursuant to a federal court order voluntarily resolving a religious discrimination and retaliation lawsuit brought by the United States Equal Employment Opportunity Commission (the "Commission") against Triple Canopy, Inc. ("Triple Canopy") in the United States District Court for the District of Columbia. In that lawsuit, *EEOC v. Triple Canopy, Inc.*, Case No. 1:23-cv-1500, the Commission alleged that Triple Canopy violated Title VII of the Civil Rights Act of 1964, as amended ("Title VII"), 42 U.S.C. Section 2000e, *et seq*.

The Commission is a federal agency which investigates charges of unlawful employment discrimination and brings lawsuits in federal court to enforce Title VII. Title VII prohibits religious discrimination. Under Title VII, employers are required to provide religious accommodations, absent undue hardship, for applicants' and employees' sincerely held religious beliefs, practices, or observances that conflict with employers' policies or practices. Further, federal law prohibits retaliation against individuals for engaging in protected activity, which may include, for example, requesting a religious accommodation, filing a charge with the Commission or an employment discrimination complaint with an employer, otherwise assisting or participating in an employment discrimination investigation, hearing, or proceeding, or reasonably opposing employment discrimination.

To resolve this lawsuit, Triple Canopy and the Commission have entered into a Consent Decree which provides, among other things, that Triple Canopy: (1) will not discriminate on the basis of religion; (2) will provide religious accommodations, absent undue hardship, for applicants' and employees' sincerely held religious beliefs, practices, or observances that conflict with Triple Canopy's policies or practices; (3) will train all employees concerning the federal laws prohibiting religious discrimination and retaliation and requiring the provision of religious accommodations, and Triple Canopy's policies on these matters; and (4) will distribute to all Triple Canopy employees a religious accommodation policy.

If you believe that you have been discriminated against, you may contact the Commission at (800) 669-4000 or (202) 921-2970 (TTY: (800) 669-6820; ASL/Hard of Hearing Video Phone: 1-844-234-5122), or email the Washington Field Office at info@eeoc.gov. This Notice must remain posted for three years from the date below and must not be altered, defaced, or covered by any other material.

Dated: 12/6/2023

Terry Ryan
Chief Executive Officer
Constellis